CULLEN AND DYKMAN LLP
100 Quentin Roosevelt Boulevard
Garden City, New York 11530
(516) 357-3700
Matthew G. Roseman, Esq. (MR 1387)
C. Nathan Dee, Esq. (CD 9703)
Bonnie Pollack, Esq. (BP 3711)

Proposed Attorneys for Debtors and Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re:                                          Chapter 11

GLOBAL CONTAINER LINES LTD., et al.,      Case Nos.  09-78585 (AST)
                                                     09-78584 (AST)
                                                     09-78589 (AST)
                                                     09-78586 (AST)
                                                     09-78587 (AST)
                                                     09-78588 (AST)
                                                     09-78590 (AST)

                        Debtors.
----------------------------------------------------------x
GLOBAL CONTAINER LINES, LTD.,

                        Plaintiff,
                                                Adv. No.

        vs.

SEACASTLE CONTAINER LEASING LLC,

                        Defendant.
----------------------------------------------------------x

## <u>COMPLAINT</u>

Plaintiff, Global Container Lines, Ltd. ("Global"), by its proposed attorneys Cullen and

Dykman LLP, alleges upon knowledge as to itself and its own acts, and upon information belief

as to all others, as follows:

## NATURE OF THE CASE AND
## STATUTORY PREDICATE

1.     This is an action (a) under 11 U.S.C. §§365 and 506(a), U.C.C. §1-201(37) and

Rules 7001(2) and (9) of the Federal Rules of Bankruptcy Procedure, for declaratory judgment

that certain agreements entered into by and between Global and Seacastle Container Leasing

LLC, the defendant herein ("Seacastle") constitute a disguised sale and security agreement as

opposed to a lease of property; and (b) to determine the extent, validity and priority of certain

liens and claims held by Seacastle under 11 U.S.C. §§506(a), 547 and 551 and Bankruptcy Rule

7001(2).

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C.

§§ 157 and 1334.

3.     This proceeding constitutes a core proceeding pursuant to 28 U.S.C. §

157(b)(2)(A), (F), (K) and (O).

4.     Venue properly lies in this district pursuant to 28 U.S.C. §§1408 and 1409.

## BACKGROUND

5.     On November 10, 2009 (the "Petition Date"), Global, together with certain related

entities, filed a voluntary petition for relief under chapter 11 of title 11, United States Code (the

"Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of New York.

6.     On or about March 25, 2005, Global entered into a "Membership and Equipment

Leasing Agreement" with Interpool Limited ("Interpool") whereby the Debtor was granted the

use of certain containers in exchange for the payment of a monthly charge to Interpool (the

"Membership Agreement").  A copy of the Membership Agreement is annexed hereto as Exhibit

"A".

7.     On the same day, the Debtor entered into a "Lease Purchase Agreement" with CAI-Interpool, LLC in furtherance of and in conjunction with the Membership Agreement (the "March Lease Purchase Agreement"), providing specific terms for the use of the containers described therein and denoted as Account # 3507 (the "3507 Containers"). A copy of the March Lease Purchase Agreement is annexed hereto as Exhibit "B".

8.     The March Lease Purchase Agreement was assigned by CAI-Interpool, LLC to Interpool by Assignment and Assumption Agreement dated April 26, 2005, a copy of which is annexed hereto as Exhibit "C".

9.     On May 17, 2005, Interpool filed a UCC Financing Statement covering and allegedly perfecting its lien against the 3507 Containers, a copy of which is annexed hereto as Exhibit "D".

10.    Also in furtherance of and in conjunction with the Membership Agreement, CAI-Interpool, LLC and the Debtor entered into an additional Lease Purchase Agreement on December 13, 2005 (the "December Lease Purchase Agreement") providing specific terms for the use of the containers described therein and denoted as Account # 3531 (the "3531 Containers"). A copy of the December Lease Purchase Agreement is annexed hereto as Exhibit "E".

11.    The December Lease Purchase Agreement was assigned by CAI-Interpool, LLC to Interpool by Assignment and Assumption Agreement dated January 5, 2006, a copy of which is annexed hereto as Exhibit "F".

12.    Upon information and belief, at some point thereafter, the Membership Agreement, the March Lease Purchase Agreement and the December Lease Purchase Agreement (collectively, the "Agreements") were assigned by Interpool to Seacastle.

13. On October 23, 2009, Seacastle filed a UCC Financing Statement covering and allegedly perfecting its lien against both the 3507 Containers and the 3531 Containers, a copy of which is annexed hereto as Exhibit "G".

## FIRST CAUSE OF ACTION FOR
## DECLARATORY JUDGMENT

14. Global repeats and reiterates the allegations contained in paragraphs 1 through 13 above as if fully set forth at length herein.

15. Global is required to pay Seacastle for the right to possession and use of the Containers for the entire term of the Agreements.

16. Global's payment requirement is not subject to termination by Global.

17. At the expiration of the term of the Agreements, Global has the option to purchase the Containers at a purchase price of U.S. $1.00 per container (the "Option Purchase Price").

18. The Option Purchase Price constitutes nominal additional consideration for the purchase of the Containers.

19. The Option Purchase Price is less than the fair market value of the Containers.

20. At the time the Agreements were entered into, Seacastle did not retain a meaningful residual interest in the Containers.

21. Under U.C.C. § 1-201(37), the Agreements created a security interest as a matter of law.

22. The Agreements are not leases of property but rather are disguised sales.

23. Accordingly, the Court should enter a judgment declaring the Agreements to be disguised sales subject to security interests, and not leases of property.

## SECOND CAUSE OF ACTION FOR
## DECLARATORY JUDGMENT

24.     Global repeats and reiterates the allegations contained in paragraphs 1 through 23 above as if fully set forth at length herein.

25.     Global has the option to purchase the Containers for nominal consideration.

26.     Seacastle could not have expected to receive any real economic value when the purchase option under the Agreements is exercised.

27.     Seacastle did not retain a meaningful residual interest in the Containers under the Agreements.

28.     The Agreements provide that Global shall at all times maintain the Containers at its own cost and expense.

29.     The Agreements provide that Global shall be responsible for all applicable sales, use, exise, property, stamp or other taxes, levies, import duties, charges or withholdings of any nature based on possession or use of the Containers.

30.     The Agreements provide that Global shall be liable for all loss and damage to each of the Containers.

31.     The Agreements provide that Global shall secure and maintain at its own cost and expense amounts of insurance and types of coverage as are reasonably required from time to time by Seacastle.

32.     Global assumed the burdens of ownership of the Containers under the Agreements.

33.     Seacastle disclaimed all warranties with respect to the Containers in the Agreements.

34.     Accordingly, the Court should enter a judgment declaring that the "facts of the

case" evidences the creation of a security agreement rather than a lease of property.

## THIRD CAUSE OF ACTION FOR
## AVOIDANCE OF LIEN

35.     Global repeats and reiterates the allegations contained in paragraphs 1 through 34 above as if fully set forth at length herein.

36.     The UCC Financing Statement covering and allegedly perfecting Seacastle's lien in the 3531 Containers was filed on October 23, 2009 (the "3531 Transfer").

37.     Global's bankruptcy petition was filed on November 10, 2009.

38.     The 3531 Transfer constitutes a transfer of an interest of Global in the 3531 Containers.

39.     At the time of the 3531 Transfer, Seacastle was a creditor of Global.

40.     The 3531 Transfer was on an account of an antecedent debt owed by Global to Seacastle.

41.     The 3531 Transfer was made while Global was insolvent.

42.     The 3531 Transfer was made within 90 days before the Petition Date.

43.     The 3531 Transfer enabled Seacastle to receive more than it would receive if the case were a case under chapter 7 of the Bankruptcy Code, had the transfer not been made and had Seacastle received payment of its debt to the extent provided in the Bankruptcy Code.

44.     Accordingly, the 3531 Transfer of the security interest in the 3531 Collateral constitutes a preferential transfer which should be avoided under section 547(b) of the Bankruptcy Code, and preserved for the benefit of Global's estate under section 551 of the Bankruptcy Code.

## FOURTH CAUSE OF ACTION FOR
## DETERMINATION OF SECURED STATUS

45.     Global repeats and reiterates the allegations contained in paragraphs 1 through 44

above as if fully set forth at length herein.

46.     Seacastle's security interest in the 3531 Collateral is not a valid, perfected

security interest in such collateral.

47.     As a result, any claim by Seacastle under the December Lease Purchase

Agreement is a general unsecured claim against Global's estate.

48.     Accordingly, the Court should enter a judgment determining that any amounts due

by Global to Seacastle under the December Lease Purchase Agreement constitutes an unsecured

claim under section 506(a)(1) of the Bankruptcy Code.

## PRAYER FOR RELIEF

WHEREFORE, Global respectfully requests that the Court enter judgment as follows:

A.     Upon the first cause of action, determining that the Agreements between Seacastle

and Global are disguised sales subject to security interests under UCC § 1-201(37) and not leases

of property; and

B.     Upon the second cause of action, determining that the Agreements between

Global and Seacastle are disguised sales subject to security interests under the "facts of the case"

and not leases of property; and

C.     Upon the third cause of action, avoiding Seacastle's security interest in the 3531

Collateral as a preferential transfer under section 547(b) of the Bankruptcy Code, and preserving

that security interest and lien for the benefit of Global's estate; and

D.     Upon the fourth cause of action, determining that any amount due by Global to

Seacastle under the December Lease Purchase Agreement is a general unsecured claim under

section 506(a)(1) of the Bankruptcy Code; and

    E.       Awarding Global such other and further relief as the Court deems just and proper.

Dated: Garden City, New York
       December 18, 2009

                                  CULLEN AND DYKMAN LLP
                                  Proposed Counsel for Debtors and Debtors in
                                  Possession

                         By     /s/ Matthew G. Roseman
                                  Matthew G. Roseman (MR1387)
                                  C. Nathan Dee (CD 9703)
                                  100 Quentin Roosevelt Boulevard
                                  Garden City, New York 11530
                                  (516) 296-9106